# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Jeff Gillman,**

    *Plaintiff*,

v.                                                                                                     **Case No. 3:08-cv-454**
                                                                                                         **Judge Thomas M. Rose**

**Douglas Shlaghetter,** *et al.*,

    *Defendants*.

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS. DOC. 6.**

---

Pending before the Court is Defendants' Motion to Dismiss, doc. 6, wherein Defendants Douglas Schlagetter, Joanie Henry, Mark Henman, Tim O'Leary, and the Shelby County Board of Commissioners move the Court to dismiss the First and Third Counts of the Complaint, doc. 2, and further move the Court to dismiss Defendant Shelby County Board of Commissioners from the action entirely. Defendants' request to dismiss the Shelby County Board of County Commissioners will be granted, as the Board is not a proper party to the action. Defendants' request to dismiss the First Claim will be granted, as Plaintiff Jeff Gillman has not alleged facts that would support his claim. Plaintiff has agreed to the dismissal of the Third Count.

**I.    Background**

Plaintiff Jeff Gillman contends that he was terminated from his employment from the Shelby County Sheriff's Office on October 27, 2008, a day after an investigation by the Sheriff's Office disclosed that Plaintiff had been making anonymous postings to the website of the local newspaper

supporting the challenger to the incumbent in the election for the Shelby County Sheriff. It is also alleged that on October 4, 2008, a husband of a secretary in the Sheriff's Office was apprehended in Logan County after he was alleged to have threatened to "attempt 'suicide by cop'" after he had "learned of [an] extra-marital affair between Plaintiff" and the Sheriff's Office Secretary. Doc. 2 at ¶¶ 26, 32.

On October 17, 2008, the Shelby County Sheriff's Office had placed Gillman on *paid* administrative leave pending the outcome of the internal investigation concerning Plaintiff's activities. Doc. 2 at 6, ¶ 38. The Complaint concludes "Plaintiff was terminated on October 27, 2008, at the predisciplinary hearing, which violated procedural and substantive due process, whereby FOP/OLC representative, Ross Rader was forced to represent Plaintiff regarding Plaintiff's alleged misconduct because Plaintiff was denied counsel."

Plaintiff's first claim for relief arises under 42 U.S.C. § 1983, 1985, and 1988 and is based upon the procedure afforded him during his termination. Plaintiff's second claim for relief arises under 42 U.S.C. § 1983 and decried the alleged investigation into his political statements. The third claim for relief is for Wrongful Discharge in Violation of Public Policy allegedly for being based upon Plaintiff's exercise of the right to free speech, an Ohio Revised Code § 9.84 right to an attorney in public employee disciplinary hearings, and violation of procedural and substantive due process. The Fourth Claim is for Abuse of Process in the initiation of the alleged criminal investigation of Plaintiff. The Fifth Claim is for common law conspiracy for committing "the wrongful acts specifically averred herein." Doc. 2 at 10, ¶ 86. The Sixth Claim is for intentional infliction of emotional distress and the final claim is for "alternative injunctive relief." *Id*. at 11.

Defendants' motion moves the Court to dismiss Defendant Shelby County Board of Commissioners from the lawsuit and to dismiss Plaintiff's first and third claims for relief. Doc. 6. Plaintiff's response dismisses the third claim. Doc. 8 at 6.

## II.    Standard of Review

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir. 1983). When determining the sufficiency of a complaint in the face of a motion to dismiss, the court must apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); see also, *Swierkiewicz*, 534 U.S. at 514, *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983).

A motion to dismiss under Rule 12(b)(6) is directed solely to the complaint itself. *Roth Steel Products,* 705 F.2d at 155. The Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *Scheuer,* 416 U.S. at 236. A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *Roth Steel Products,* 705 F.2d at 155. The Court will grant a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the complaint is without merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to

relief indicating that the plaintiff does not have a claim. See generally *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978); *Gravely v. Madden*, 964 F. Supp. 260, 261 (S.D. Ohio 1995).

## III. Analysis

Defendants asserts that the Shelby County Board of County Commissioners should be dismissed, as Plaintiff has stated no independent cause of action against the County Commissioners. Doc. 6 at 2. Plaintiff responds that the County Commissioners should be held liable on the theory that "the County Commissioners have discretion with respect to funding the sheriff's department." Doc. 8 at 2.

It is true that § 1983 applies to local governments. *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1117 (6th Cir. 1994) (citing *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 690 (1978)).

> However, a local government is liable as an entity only when the government itself has committed the constitutional violation, not when the violation was committed by its employees. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). As the Supreme Court has explained, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. This "official policy" requirement was intended to distinguish "the acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original).

*Wooten v. Logan*, 92 Fed. Appx. 143, 145-146, 2004 WL 68541, 2 (6th Cir. 2004).

Plaintiff's theory that the County Commissioners are liable based upon finding decisions can prevail:

> only if every "law enforcement" activity ( e.g., stop, arrest, etc.) by a sheriff (or other chief law enforcement official)-whether a matter of official business or a misuse of power to advance a private agenda-represents the "official policy" of the local government. Such a rule would contravene *Pembaur*'s attempt "to distinguish acts of the municipality from acts of employees of the municipality." *Pembaur*, 475 U.S. at 469 (emphasis in original), and would institute the doctrine of respondeat superior.

*Wooten v. Logan*, 92 Fed. Appx. 143, 147, 2004 WL 68541, 3 (6th Cir. 2004). Thus, following the reasoning of the *Wooten* panel, this Court concludes that the Shelby County Board of Commissioners should be dismissed.

The second portion of Plaintiff's motion requests that the Court dismiss Plaintiff's § 1983 claims that comprise the first Claim for relief, as, Defendants assert, these claims fail to identify a federal violation necessary to support a § 1983 claim. Doc. 6 at 3. Plaintiff counters that "[union] representative, Ross Rader was forced to represent Plaintiff regarding Plaintiff's alleged misconduct, because Plaintiff was denied legal counsel." Doc. 8 at 3. Plaintiff asserts that Ohio Rev. Code § 9.84 requires that any public official be permitted counsel prior to being interrogated or appearing before any commission.

Plaintiff mystifyingly asserts that the Court should follow *McDonald v. City of Dayton*, 763 N.E.2d 184, 94 Ohio St. 3d 1475 (Ohio App. 2d Dist., 2002), a decision that dismissed a counter-appeal for want of prosecution. The Court has identified a later decision in the *McDonald* case, 767 N.E.2d 764 (Ohio App. 2001), which found that terminating pay three months before a hearing was held violated due process. In the instant case, Plaintiff was suspended *with* pay. Doc. 2 at ¶ 38. Thus, *McDonald* is of limited instructional value.

Under *Loudermill v. Cleveland Bd. of Educ.*, 844 F.2d 304 (6th Cir. 1988), defendant

> was required to provide "some kind of hearing" before it terminated him. A public employee "is entitled to oral or written notice of the charges against him, an explanation of the ... evidence, and an opportunity to present his side of the story." Thus, "[t]he essential requirements of due process ... are notice and an opportunity to respond ... [and] to present reasons, either in person or in writing, why proposed action should not be taken."

*Molina-Crespo v. U.S. Merit Systems Protection Bd.*, 547 F.3d 651, 661 (6th Cir. 2008). (citing *Loudermill*).

Plaintiff's only basis for the right to have counsel of his choice present, is Ohio Rev. Code § 9.83. However, a plaintiff is not

> entitled to have his attorney present at a pre-disciplinary hearing-due process requires only "notice and an opportunity to respond" prior to deprivation of job benefits. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985); see also *Harrill v. Blount County, Tenn.*, 55 F.3d 1123, 1125 (6th Cir. 1995) (holding that state statutes and local ordinances cannot expand federal constitutional rights).

*Speiser v. Engle*, 107 Fed. Appx. 459, 461, 2004 WL 1745785, *2 (6th Cir. 2004).

Finally, while the Court finds no support for the claim in the Complaint, Plaintiff asserts in his response that "the pretermination and predisciplinary actions taken by Defendants were motivated by an improper purpose." There appears, however, to be no due process protection against the initiation of pretermination and predisciplinary hearings for improper purposes:

> there may be cases-perhaps this is one of them-in which the supervisory official is so biased that the *Loudermill* "right-of-reply" process is meaningless. The full, post-termination, adversary, trial-type hearing will serve to ferret out bias, pretext, deception and corruption by the employer in discharging the employee. The adversary processes employed in an adjudicatory, post-termination hearing controlled by an impartial judge lend themselves to proving wrongful conduct by the employer. The limited, "right-of-reply" pretermination hearing, as defined in *Loudermill*, is designed "to invoke the employer's discretion," his sense of fairness and mutual

> respect, his willingness to reconsider. It is not designed or
> well-adapted to uncover the employer's bias or corrupt motivation.

*Duchesne v. Williams*, 849 F.2d 1004, 1008 (6th Cir. 1988). Thus, even assuming that Plaintiff were to amend his complaint to allege that the pretermination and predisciplinary actions were motivated by improper purpose, this would fail to state a claim. For this reason, the Court will grant Defendants' motion to dismiss the First Count of the Complaint.

## IV.    Conclusion

Because the only control the County Board of Commissioners is alleged to have over the Sheriff's Department is in funding, the County Board of Commissioners is not a proper party to the instant case and the **CLERK** will **DISMISS** the Board. Because improper motivation for initiating a predisciplinary or pretermination hearing does not create an actionable violation of due process, the First Count of the Complaint is **DISMISSED**. By agreement of the parties, the Third Count of the Complaint is **DISMISSED**. Thus, Defendants' Motion to Dismiss is **GRANTED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, May 18, 2009.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE